UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 5:03-cr-29/MCR/MJF
    5:16-cv-95/MCR/MJF

ERNIE PAUL DUGAS

## ORDER

This matter is before the Court upon the counseled "Motion to Correct Sentence Under 28 U.S.C. § 2255" filed by Defendant Ernie Paul Dugas ("Dugas") (ECF No. 31.) The Government has responded indicating its agreement that sentencing relief is appropriate. (ECF No. 50).

## I—Procedural Background

On October 8, 2003, a federal grand jury charged Dugas in a three-count superseding indictment. (ECF No. 5.) Count One charged Dugas with kidnapping a sixteen-year old female, Count Two charged Dugas with traveling in interstate commerce for the purpose of engaging in a sexual act with a person under eighteen years of age, and Count Three charged Dugas with possession of a firearm during, in relation to and in furtherance of a crime of violence. The "crime of violence" was kidnapping in violation of 18 U.S.C. § 1201(a)(1) as charged in Count One.

Dugas proceeded to trial but pled guilty after hearing the testimony of the victim. (ECF No. 42, PSR ¶ 7.) This Court sentenced him to concurrent terms of 235 and 180 months of imprisonment respectively on Counts One and Two, followed by a consecutive term of 84 months imprisonment on Count Three.[1] (ECF No. 36.) The sentences on Counts One and Two were run concurrently with an undischarged life sentence earlier imposed in Louisiana, and the sentence on Count Three was run consecutively to all other sentences. (*Id.* at 2.) Dugas did not appeal, and he has not previously filed a § 2255 motion.

## II—Analysis

### DUGAS'S § 924(C)(3)(B) CONVICTION AFTER *DAVIS*

Dugas contends in his motion that his conviction of Count Three must be vacated because his predicate kidnapping conviction categorically fails to qualify as a "crime of violence" after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government concedes.

Title 18 U.S.C. § 924(c)(3) defines a "crime of violence" as follows:

---

[1] Before his conviction in this case, Dugas was convicted of two counts of aggravated rape and one count of aggravated kidnapping of another victim in Louisiana, for which he was sentenced to three life terms of imprisonment. (ECF No. 42, PSR ¶ 37.) After sentencing in this case he was prosecuted in state court for the kidnapping of the minor victim in this case. (ECF No. 50, Att. A, Judgment in Bay County Case No. 2002CF2526.) He pled no contest and was sentenced to a term of life imprisonment, to run concurrent to this Court's sentence and the Louisiana court's sentences.

> For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force clause" or "elements clause." Section 924(c)(3)(B) is known as the "residual clause." Before *Davis,* the Supreme Court invalidated two similar residual clauses in other statutes, finding them to be unconstitutionally vague.[2] The Court followed suit in *Davis,* invalidating the residual clause of § 924(c), while leaving the elements clause intact.

*Davis* is retroactively applicable on collateral review. *In re Hammoud*, 931 F. 3d 1032, 1038-39 (11th Cir. 2019). Thus, a timely claim based on *Davis* must be filed within one year from the date of that decision. 28 U.S.C. § 2255(f)(3). To the extent Dugas's claim is based on *Davis,* it is timely.[3]

---

[2] *See Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (following *Johnson* and holding that the "nearly identical" residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague).

[3] The Government expressly indicates its intent to waive any procedural default defense as a result of Dugas not challenging the § 924(c) conviction on appeal. (ECF No. 50 at 6, n. 3 (citing *McCoy v. United States*, 266 F. 3d 1245, 1258-59 (11th Cir. 2001); *In re Jackson*, 826 F. 3d 1343, 1348 (11th Cir. 2016))).

For a litigant to succeed on a claim involving an invalidated residual clause, he must show that it was more likely than not that the residual clause, and only the residual clause, was the basis for his conviction. *See Beeman v. United States*, 871 F. 3d 1215, 1222 (11th Cir. 2017) (setting forth the standard for proving a *Johnson* claim). In the face of a silent record, this can be a difficult, or even insurmountable, burden, but it remains the defendant's burden nonetheless. *Id.* at 1223-24.

In this case, the record is bereft of evidence establishing whether Dugas's § 924(c) conviction rested on the court's determination that kidnapping qualified as a crime of violence under the elements clause, the residual clause or both. Neither the PSR nor the final judgment offer any insight, and because there was no direct appeal, neither the plea colloquy nor the sentencing hearing has been transcribed. "Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses. *Beeman*, 871 F. 3d at 1225 (*quoting Romine v. Head*, 253 F. 3d 1349, 1357 (11th Cir. 2001)); *Carmichael v. United States*, 758 F. App'x 860 (11th Cir. 2019) (quoting *Beeman*); *see also Williams v. United States*, 2018 WL 6171434 (N.D. Ala. Nov. 26, 2018) (relying on *Beeman* to deny a defendant's *Johnson* claim because defendant had failed to prove it was more likely than not that the district court relied on the residual clause to find his federal kidnapping

conviction qualified as a violent felony under the ACCA).[4] Dugas has not met his burden of showing he is entitled to relief under *Davis*. The inquiry does not end here, however.

Dugas also claims in his motion that his § 924(c) conviction is unlawful because kidnapping does not qualify as a predicate under § 924(c)'s elements clause. (ECF No. 48 at 4-6.) Because the Supreme Court's decision in *Davis* did not undermine the elements clause, *Davis* did not restart the statute of limitations, or re-open the door, for defendants to bring challenges under that clause. *See In re Hires*, 825 F. 3d 1297, 1303 (11th Cir. 2016) (defendants typically are precluded from using a timely residual clause claim "as a portal to relitigate whether [a predicate offense] qualifies under the elements clause"); *Levert v. United States,* 766 Fed. App'x, 932, 935-36 (11th Cir. 2019) (distinguishing claims arising under the residual clause from those arising under the elements clause). Thus, Dugas's elements clause claim, which was neither raised on appeal nor raised within one year from the date his conviction became final, is both procedurally barred and untimely. However, the

---

[4] Although not directly on point, the Government cites *United States v. Salemi*, 26 F. 3d 1084, 1087 (11th Cir. 1994) in support of its position that the residual clause was not the basis for Dugas' 924(c) conviction. The *Salemi* court found kidnapping to be a violent crime under U.S.S.G. § 4B1.2, but also noted that kidnapping was expressly listed in the application note as a crime of violence.

Government also states that it waives "any applicable affirmative defenses" to Dugas's elements clause claim, including procedural default and timeliness, because it agrees that federal kidnapping convictions do not qualify as crimes of violence after *Davis*. (ECF No. 50 at 8.)

In light of this waiver, the dispositive question is whether Dugas's § 924(c) conviction is lawful. *See Mays v. United States*, 817 F. 3d 728, 732 (11th Cir. 2016). Because *Davis* invalidated the residual clause, the conviction is lawful only if kidnapping qualifies as a crime of violence under the elements clause.

The Eleventh Circuit has not specifically decided whether kidnapping qualifies as a crime of violence for purposes of § 924(c)(3)(A). However, a recent analogous decision is instructive. In *United States v. Gillis*, 938 F.3d 1181 (11th Cir. 2019), the court reversed a defendant's conviction of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373 "[b]ecause § 1201(a) can be violated without the 'use, attempted use, or threatened use of physical force against property or against the person of another' as required by § 373(a)'s force clause, and because . . . 'physical force' does not include 'intellectual force or emotional force,'" *Gillis*, 938 F.3d at 1210. It stands to reason, then, that federal kidnapping in violation of § 1201(a) is not categorically a crime of violence. Other circuits have reached the same conclusion. *See United States v. Walker*, 934 F. 3d 375, 379 (4th Cir. 2019)

(holding that "kidnapping clearly does not categorically qualify as a crime of violence under the force clause" because "both requirements of 18 U.S.C. § 1201(a) may be committed without violence"); *United States v. Brazier*, 933 F. 3d 796, 801 (7th Cir. 2019) (reversing § 924(c) convictions and remanding for resentencing because kidnapping does not categorically satisfy § 924(c)'s elements clause); *United States v. Khamnivong*, 779 Fed. App'x 482, 484 (9th Cir. 2019) (reversing defendant's § 924(c) conviction because "kidnapping is not a crime of violence under the remaining force clause"); *United States v. Ford*, Case 17-1122, 2019 WL 5491549 (10th Cir. Oct. 25, 2019) (reversing § 924(c) conviction predicated on kidnapping based on Government's confession of error); *see also Robinson v. United States*, 2019 WL 4855161 (S.D. Al. Sept. 30, 2019) (vacating § 924(c) conviction based on predicate kidnapping offense, relying on *Gillis, Walker* and *Brazier*); *Hines v. United States*, Case 1:16cv511-MHT, 2019 WL 4780789 (M.D. Ala. Sept. 30, 2019) (vacating § 924(c) conviction based on kidnapping, citing *Gillis*); *Robinson v. United States*, Case 1:16cv515-MHT, 2019 WL 4791512 (M.D. Ala. Sept. 30, 2019) (same).

Kidnapping is not a proper predicate for a § 924(c) conviction, and thus, Dugas's conviction and sentence on Count Three should be vacated.

## III—Remedy

Dugas asks the court to merely vacate his conviction on Count Three and re-impose the same sentence on the remaining counts, without resentencing. (ECF No. 48 at 7.) The Government indicates that under ordinary circumstances it would seek resentencing and an upward variance. (ECF No. 50 at 11-12.) However, because Dugas is currently serving a life sentence, the Government is not opposed to vacatur of Count Three without a formal resentencing proceeding, because there would be no impact on his continued incarceration. (*Id.* at 14.)

## IV—Conclusion

Accordingly, Dugas's motion to vacate, set aside, or correct sentence (ECF No. 48) is **GRANTED**, and his conviction and sentence on Count Three are **VACATED**. All other provisions of the judgment and conviction remain unchanged.

**DONE and ORDERED** this 31st day of January 2020.

*/M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**